IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL HUDSON MCDADE, III | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:03CV213-WHA |
| | ) | [WO] |
| MONTGOMERY CITY JAIL WARDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 16 March 2006, the defendants filed a Motion to Continue Evidentiary Hearing (Doc. # 55). It appears that one of the defendants, CHRIS WELCH, is scheduled to undergo surgery on 24 March 2006, with two weeks of recuperation. Defendants' counsel also advised the court that the parties may be considering settlement of this case. Accordingly, it is ORDERED as follows:

1. The motion to continue evidentiary hearing is GRANTED.

2. ***Pretrial Telephone Conference***: That this cause is set for a pretrial telephone conference at 10:00 a.m. on 31 March 2006 to be arranged by counsel for the defendants. Within 5 days of his receipt of this order, the plaintiff shall provide the defendants' counsel with a telephone number where he can be reached for the telephone conference.[1]

---

[1] The plaintiff has already failed to respond to the first telephone conference set by the court. The court WARNS the plaintiff that his failure to make himself available for the second telephone conference could lead to a Recommendation that his complaint be

3. *<u>Evidentiary hearing</u>*: That this cause is set for an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B) on 17 April 2006 at 10:00 a.m. in Courtroom 5-A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama. Upon considering the evidence presented at the hearing, the Magistrate Judge will enter a Recommendation to the court for its consideration.

4. *<u>Witnesses</u>.*

    (a) <u>All</u> parties shall file a witness list at least twenty (20) days before the hearing. Witnesses not on the list will not be heard.

    (b) *<u>Cases Proceeding In Forma Pauperis</u>*. If the plaintiff desires to procure the attendance of witnesses by writ or subpoena, he shall file and serve -- not later than twenty (20) days before trial -- a witness list containing the names and addresses of <u>all</u> witnesses -- whether a subpoena is sought or not -- (inmate or civilian status) and a brief statement of the expected testimony of each witness, whether his subpoena is sought or not. The plaintiff should also make every effort to furnish the court with identification numbers for inmate witnesses. The plaintiff should be specific in stating their expected testimony, because if their testimony is not material or is simply repetitive the court may in its discretion decline to order the subpoena of the witness. See ***Cook v. Bounds***, 518 F.2d 779, 780 (4th Cir. 1975).

---

dismissed.

Whether the witness is subpoenaed by a pauper or not, Rule 45(c) requires that the subpoena must be accompanied by a per diem fee ($40 per day), a subsistence fee ($99 per day, plus an allowance for meals, receipt required) if overnight stay is required, and mileage (at $.445 per mile each way), or it need not be obeyed. The witness will be so informed by the subpoena. It is the responsibility of the subpoenaing party to provide that money to the clerk's office for tender with the subpoena.

(c) *Subpoena by Non-Paupers*. The marshal's office requests that you request issuance of witness subpoenas as early as possible, but in no event less than fifteen (15) days before he evidentiary hearing.

DONE this 17th day of March, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE